**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL121227

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**BROOKLYN DIVISION**

| | |
|---|---|
| Hershel Silberman, <br><br> Plaintiff, <br><br> v. <br><br> Valentine & Kebartas, Inc. and Absolute Resolutions Investments, LLC, <br><br> Defendants. | Case No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Plaintiff Hershel Silberman, by and through the undersigned counsel, complains, states, and alleges against defendants Valentine & Kebartas, Inc. and Absolute Resolution Investments, LLC as follows:

**INTRODUCTION**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692*et seq.* (the "FDCPA").

2. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

3. The purpose of the FDCPA is to protect consumers from deceptive or harassing

1

actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

4. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

5. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff consumer to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

6. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

7. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

8. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against a debt collector. *Id.*

## JURISDICTION AND VENUE

9. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

10. This court has jurisdiction over defendants Valentine & Kebartas, Inc. and Absolute Resolution Investments, LLC because they regularly conduct and transact business in this state, and the conduct complained of herein occurred in this Judicial District.

11. Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

12. Plaintiff Hershel Silberman ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Kings County, New York.

13. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

14. Defendant Valentine & Kebartas, Inc. ("V&K") is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in Essex County, Massachusetts.

15. V&K has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

16. V&K regularly collects or attempts to collect debts asserted to be owed to others.

17. V&K is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of V&K's businesses is the collection of such debts.

19. V&K uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. V&K is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. Defendant Absolute Resolution Investments, LLC ("Absolute") is a corporation organized and existing under the laws of the State of Minnesota, with a principal place of business in Hennepin County, Minnesota.

22. Absolute has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

23. Absolute regularly collects or attempts to collect debts asserted to be owed to others.

24. Absolute is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

25. The principal purpose of Absolute's businesses is the collection of such debts.

26. Absolute uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

27. Absolute is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

28. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this

4

Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

29. Defendants allege Plaintiff owes a debt ("the alleged Debt").

30. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

31. The alleged Debt does not arise from any business enterprise of Plaintiff.

32. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

33. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred by Absolute to V&K for collection.

34. At the time the alleged Debt was assigned or otherwise transferred to Defendants, the alleged Debt was in default.

35. In their efforts to collect the alleged Debt, Defendants caused correspondence, including a collection letter dated August 13, 2020, to be sent to Plaintiff.  (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1.**")

36. The Letter conveyed information regarding the alleged Debt.

37. The Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

38. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from defendants. As set forth herein, defendants deprived Plaintiff of these rights.

39. Plaintiff's injury is "particularized" and "actual" in that the Letter that deprived Plaintiff of the aforementioned rights was addressed and sent to Plaintiff specifically.

40. Plaintiff's injury is directly traceable to Defendants' conduct because Defendants sent the Letter, and but for Defendants' conduct, Plaintiff would not have been deprived of the

5

aforementioned rights.

41. Plaintiff has been misled by Defendants' conduct.

42. Defendants' conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

43. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will continue to use abusive, deceptive, unfair and unlawful means in their attempts to collect the alleged Debt and other alleged debts.

44. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted economic harm.

45. As a result of Defendants' conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

46. As a result of Defendants' conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

47. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

48. A favorable decision herein would redress Plaintiff's injury with money damages.

49. A favorable decision herein would serve to deter Defendants from further similar conduct.

## FIRST COUNT
## Violation of 15 U.S.C. §§1692e, 1692e(2)(A) and 1692e(10)

50. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

51. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

53. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

54. The Letter sets forth a "Claimed Amount."

55. Plaintiff did not owe the Claimed Amount at the time the alleged Debt was assigned or otherwise transferred to V&K for collection.

56. Plaintiff did not owe the Claimed Amount at the time Defendants sent Plaintiff the Letter.

57. Plaintiff did not owe the Claimed Amount at the time Plaintiff received the Letter.

58. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

59. Defendants' allegation that Plaintiff owed the Claimed Amount is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

60. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

61. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation of the amount of the alleged Debt and the legal status of the Debt in violation of 15 U.S.C. § 1692e(2)(A).

62. Defendants' allegation that Plaintiff owed the Claimed Amount is a false representation and deceptive means made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

63. For the foregoing reasons, Defendants violated 15 U.S.C. §§1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. §§1692e, 1692e(2)(A) and 1692e(10)

64. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

65. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

67. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

68. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false, deceptive and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

69. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false, deceptive, and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

8

70. The Letter asserts that Plaintiff owed money to Absolute.

71. Plaintiff did not owe any money to Absolute.

72. Absolute never offered to extend credit to Plaintiff.

73. Absolute never extended credit to Plaintiff.

74. Plaintiff was never involved in any transaction with Absolute.

75. Plaintiff never entered into any contract with Absolute.

76. Plaintiff never did any business with Absolute.

77. Plaintiff was never indebted to Absolute.

78. Absolute is a stranger to Plaintiff.

79. Defendants' allegation that Plaintiff owed a debt to Absolute, when Plaintiff did not owe a debt to Absolute, is a false, deceptive and misleading representation made by Defendants in connection with Defendants' attempted collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

80. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## JURY DEMAND

81. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendants' actions violate the FDCPA; and

b. Awarding damages to Plaintiff pursuant to 15 U.S.C. § 1692k; and

c. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

    d.  Awarding the costs of this action to Plaintiff; and

    e.  Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

    f.  Such other and further relief that the Court determines is just and proper.

DATED: January 25, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL121227
*Attorneys for Plaintiff*